NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA LOPEZ,<br><br>     Plaintiff,<br><br>v.<br><br>LAW OFFICES OF FALONI & ASSOCIATES, LLC et al,<br><br>     Defendants. | Civil Action No. 16-cv-01117-SDW-SCM<br><br>**OPINION**<br><br>September 14, 2016 |

**WIGENTON**, District Judge.

Before this Court is the Motion to Dismiss of Defendants Alegis Group, LLC ("Alegis"); David A. Faloni, Sr.; David A Faloni, Jr.; Law Offices of Faloni & Associates, LLC; LVNV Funding LLC ("LVNV"); Resurgent Capital Services, L.P. ("Resurgent"); and Sherman Originator, LLC ("Sherman") (collectively "Defendants"); for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

Plaintiff Victoria Lopez ("Plaintiff") alleges that Defendants (a law firm, two of its attorneys, and four other entities) violated the Fair Debt Collection Practices Act, 15 U.S.C.

1

§ 1692, *et seq*. ("FDCPA"). (*See generally* Am. Compl.) The alleged violations arise from a complaint filed on behalf of Defendant LVNV (the "collection complaint") in a debt collection action against Plaintiff in the Superior Court of New Jersey, Law Division, Special Civil Part. (*Id*. ¶ 45.) Plaintiff brings this action on behalf of herself and all others similarly situated. (*Id.* ¶ 104.)

According to Plaintiff, Defendant LVNV is a consumer debt collection agency which, acting along with Defendants Alegis, Resurgent, and Sherman (collectively "Purchasing Defendants"), purchased a consumer debt (the "Debt") Plaintiff had originally owed to non-party Credit One Bank, N.A. (Am. Compl. ¶¶ 17-30.) At some point after purchasing the Debt,[1] the Purchasing Defendants, acting through their then-counsel, Law Offices of Faloni & Associates, LLC, filed the collection complaint in New Jersey state court. (*Id*. ¶¶ 35-45.) Plaintiff now asserts that Defendants' representations in the collection complaint violated the FDCPA in four ways.

Plaintiff first claims that because the Law Offices of Faloni & Associates, LLC and two of its attorneys, David A. Faloni, Sr. and David A Faloni, Jr. (collectively the "Law Firm Defendants"), filed 195 complaints[2] on the same day as the collection complaint, it would have been "impossible or highly improbable" for the Law Firm Defendants to have meaningfully reviewed the collection complaint. (Am. Compl. ¶¶ 45-81.) As a result, Plaintiff claims, Defendants violated sections 1692e, e(2)(a), e(3), e(10), and 1692f of the FDCPA. (*Id.* ¶ 128.)

In addition to claiming that Defendants violated the FDCPA by failing to meaningfully review the collection complaint, Plaintiff also alleges that Defendants attempted to collect the Debt without a license required by the New Jersey Consumer Finance Licensing Act ("NJCFLA"), N.J.

---

[1] Plaintiff neither states the amount of the debt at the time Purchasing Defendants acquired it, nor the approximate date on which Purchasing Defendants acquired it.
[2] The number of complaints the Law Firm Defendants filed on the same day as the collection complaint varies throughout Plaintiff's Amended Complaint and Brief in Opposition to Defendants' Motion to Dismiss ("Pl.'s Br. Opp."). For the purposes of this Opinion, this Court assumes the Law Firm Defendants filed 195 complaints on that day.

State. Ann. ("N.J.S.A.") § 17:11C, *et seq.*, (Am. Compl. ¶¶ 82-86.), and reported the debt to Equifax, Experian, and TransUnion (collectively "credit reporting agencies"), (Am. Compl. ¶¶ 92-94), all in violation of FDCPA sections 1692e, e(2)(a), e(5), e(10)), 1692f, and f(1).  (Am. Compl. ¶ 129.)

Defendants filed the Motion to Dismiss now before this Court on May 25, 2016. (Dkt. No. 21.)  Plaintiff filed a brief in opposition ("Pl.'s Br. Opp.") on July 5, 2016. (Dkt. No. 28.) Defendants filed their brief in reply ("Defs.' Br. Reply") on July 12, 2016. (Dkt. No. 29.)

## II.   LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)) (internal quotation marks omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Iqbal* held, "to survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face . . . . The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal citations omitted).

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009).  First, the court must separate the complaint's factual allegations from its legal conclusions*. Id.* at 210-11.  Having done that, the court must take only the factual allegations

3

as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

## III. DISCUSSION

Section 1692e of the FDCPA prohibits a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." In addition, section 1692f prohibits debt collectors from using unfair or unconscionable means of collecting a debt. In order to have stated a claim under either of these sections, Plaintiff's Amended Complaint must have sufficiently alleged that "(1) [Plaintiff] is a consumer, (2) the defendant[s are] debt collector[s], (3) the defendant[s'] challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant[s have] violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing* 765 F.3d 299, 303 (3d Cir. 2014) (citing *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005)). Defendants challenge Plaintiff's Amended Complaint for failing to sufficiently allege the second and fourth elements.

### A. Whether Defendants are "Debt Collectors"

Under the second element of an FDCPA claim, a plaintiff must establish that a defendant is a "debt collector" as defined section 1692a(6) of the FDCPA. The FDCPA's definition of "debt collector" includes:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The FDCPA also *excludes* from this definition:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person [or] . . . which was not in default at the time it was obtained by such person . . . .

4

*Id.* § 1692a(6)(F).

Plaintiff has alleged that the Debt was in default at the time the Purchaser Defendants acquired it from the original creditor. (Am. Compl. ¶¶ 30-34.) In addition, Plaintiff has alleged that the Purchaser Defendants are in the business of purchasing and attempting to collect charged-off debts like Plaintiff's. (*Id.* ¶¶ 16-35.) Defendants do not deny either of these contentions. (*See* Defs.' Br. Supp. 7-8.) Rather, Defendants claim that the Purchaser Defendants are not debt collectors, as defined by the FDCPA, because they did not *directly* communicate with Plaintiff and, instead, had the Law Firm Defendants communicate with Plaintiff, through the collection complaint, on their behalf.[3] (*Id.* at 8.) However, a defendant need not communicate *directly* with a consumer in order to be considered a debt collector for purposes of the FDCPA: section 1692a(6) includes "any person . . . who regularly collects or attempts to collect, *directly or indirectly*, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). As a result, this Court finds that the Amended Complaint sufficiently alleges that the Defendants are debt collectors.

**B. Whether the Amended Complaint Sufficiently Alleges a Violation of the FDCPA**

As discussed above, Plaintiff puts forth essentially four bases on which she believes Defendants violated the FDCPA. This Court will address each in turn.

*a. Misrepresentation of Attorney Involvement in Filing the Collection Complaint*

As the court recognized in *Bock v. Pressler & Pressler, LLP*, "[a] civil complaint . . . may be misleading within the meaning of FDCPA if it implies attorney involvement, but such involvement is lacking." 30 F. Supp. 3d 283, 299 (D.N.J. 2014), *as corrected* (July 1, 2014), *as*

---

[3] Defendants' Motion does not challenge Plaintiff's assertion that the Law Firm Defendants are debt collectors.

*corrected* (July 7, 2014).  Accordingly, Plaintiff claims that Defendants violated FDCPA sections 1692e and 1692f by filing the collection complaint "without first having an attorney individually review the file, make the appropriate inquiry, and exercise professional judgment . . . ."  (Am. Compl. ¶ 128.)  In support of this allegation, Plaintiff claims the Law Firm Defendants filed 195 complaints on the same day they filed the collection complaint.  (Compl. ¶¶ 45-81.)  In addition, Plaintiff contends that a lack of meaningful attorney involvement is shown because the collection complaint includes the following two allegedly contradictory statements:

> 1. Defendant is indebted to the original creditor, LVNV Funding LLC, in the amount of $1,000.48 after failing to make agreed upon payments on his/her credit card . . . .
>
> 4. There is now due and owing to Plaintiff the sum of $1,010.48 plus costs of suit.

(Am. Compl., Ex. B.)  In response, Defendants contend that Plaintiff has not alleged sufficient factual content to plausibly claim the collection complaint was filed without meaningful attorney involvement.  (Defs.' Br. Supp. 9-16.)   This Court agrees.

Although Plaintiff contends that Defendants misrepresented the level of attorney involvement in creating and filing the collection complaint, Plaintiff does not provide any information in the Amended Complaint as to (1) the number of attorneys employed by the Law Offices of Faloni & Associates, LLC, (2) the number of attorneys who actually reviewed the collection complaint, or (3) over what period of time the collection complaint was drafted and reviewed.  (*See* Am. Compl.)  Without these details, Plaintiff's allegations regarding attorney involvement are speculative and do not support a plausible claim for violation of the FDCPA based on a lack of meaningful attorney involvement.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *see, e.g.*, *Morales v. Pressler & Pressler LLP*, No. CIV.A. 15-236 JLL, 2015 WL 1736350, at *3

(D.N.J. Apr. 16, 2015) (dismissing an attorney involvement FDCPA claim for failure to state a claim); *Barata v. Nudelman, Klemm & Golub, P.C.*, No. CIV. 2:13-4274 KM, 2015 WL 733628, at *4 (D.N.J. Feb. 19, 2015) (dismissing an attorney involvement FDCPA claim when "[t]he only factual basis for [the] allegation [was] the 'number of collection letters' sent by [the defendant], a circumstance that supposedly implies that meaningful attorney review was 'impossible.'").[4] As a result, Plaintiff's FDCPA claims based on lack of attorney involvement in filing the collection complaint must be dismissed.

### b. Attempting to Collect the Debt Without a License to Purchase the Debt

Plaintiff's second claim is, in essence, that New Jersey law required the Purchaser Defendants to obtain a license before purchasing the Debt, that the Purchaser Defendants did not obtain such a license, and that, therefore, the Defendants' made false or misleading representations in attempting to collect the Debt through the collection complaint, in violation of FDCPA sections 1692e (2)(A) and (e)(10).[5] (Am. Compl. ¶¶ 3, 82-86, 129.) In other words, Plaintiff contends that Defendants violated the FDCPA by misrepresenting that they had the right to collect payment on the Debt when, in fact, they did not. (*Id*. ¶¶ 82-86, 129.)

Under the New Jersey Consumer Finance Licensing Act, "consumer lenders;" defined as "a person licensed, or a person who should be licensed, under [N.J.S.A §§ 17:11C *et seq.*] to engage in the consumer loan business; are prohibited from "engag[ing] in business as a consumer

---

[4] Although Plaintiff alleges in the Amended Complaint that Defendants violated FDCPA sections 1692e (including subsections e(2)(a), e(3), and e(10)) and 1692f by filing the collection complaint without meaningful attorney involvement, dismissal is appropriate as to each of these claims because the Amended Complaint does not contain sufficient factual allegations to support Plaintiff's claim that the collection complaint was, in fact, filed without meaningful attorney involvement.

[5] Although Plaintiff also lists section 1692e(5) in paragraph 129 of the Amended Complaint, Plaintiff does not appear to provide any factual support for such a claim in the Amended Complaint and makes no mention of section 1692e(5) in her Opposition. Such a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff failed to state a plausible claim for relief under Section 1692e(5).

lender or sales finance company without first obtaining a license or licenses under this act" N.J.S.A. § 17:11C-3. Moreover, the NJCFLA specifies that "[a]ny person directly or indirectly engaging in the business . . . of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business." *Id.* § 17:11C-2. Based on these criteria, Plaintiff claims, and Defendants do not appear to deny, that Defendants are "consumer lenders" under the NJCFLA. (Am. Compl. ¶¶ 82-86.) In addition, Plaintiff claims, and Defendants do not deny, that Defendant's did not obtain the license the NJCFLA requires. (*Id.*) Rather, Defendants contend that their lack of a consumer lender license "is of no moment" because a debt collector's violation of state law does not, by itself, violate the FDCPA. (Defs.' Br. Reply 9.) However, this argument misses the point. Plaintiff does not contend that Defendant's lack of a consumer lender license *itself* violates the FDCPA. Instead, Plaintiff argues that Defendants misrepresented the legal status of the Debt and used false or deceptive means to attempt to collect the Debt, by filing the collection complaint when they were not licensed to purchase the debt in the first place.

Although Defendants contend filing the collection complaint when they lacked a consumer lender license could not have violated the FDCPA, this argument conflicts with the FDCPA's broad remedial purpose of eliminating abusive debt collection practices. *See Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011) ("The FDCPA is a remedial statute, and we construe its language broadly so as to effect its purposes.") (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006)). Instead, a debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, FDCPA section e(10). *See, e.g.*, *Veras v. LVNV Funding, LLC*, No. CIV. 13-1745 RBK/JS, 2014 WL 1050512, at \*6 (D.N.J. Mar. 17, 2014)

("Plaintiff's allegation that Defendants attempted to collect Plaintiff's debt in contravention of the NJCFLA is sufficient to at least support his claim under section 1692e(10), that Defendants used a false representation or deceptive means to collect or attempt to collect Plaintiff's debt."). Moreover, as U.S. District Judge Robert B. Kugler explained in *Veras v. LVNV Funding, LLC*, "it would strain logic to conclude that if a debt collector is prohibited from engaging in debt collection activity in a state, he avoids the risk of liability under the FDCPA so long as he conceals this fact and does not make any representation that he actually has debt collection authority." 2014 WL 1050512, at *5. Accordingly, dismissal of Plaintiff's claims under sections 1692e(2)(A) and (e)(10), based on the Purchaser Defendants' lack of a license required by NJCFLA, is inappropriate at this time.[6]

### c. Charging Unauthorized Interest

In addition to Plaintiff's contentions regarding the NJCFLA licensing requirement discussed above, Plaintiff also claims that Defendants' attempt to collect the Debt without first obtaining a license violated FDCPA section 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). (Am. Compl. ¶¶ 82-91, 129; Pl.'s Br. Opp. 30-31.) However, Plaintiff's allegations under Section 1692f(1) concentrate on the fact that Defendants were not licensed to collect consumer debt rather than on the amount Defendants sought in the collection complaint. (Am. Compl. ¶¶ 82-91; Pl.'s Br. Opp. 30-31.) Moreover, Plaintiff does not provide

---

[6] Having found that Plaintiff sufficiently pled a claim for violation of section 1692e(10), this Court need not consider whether Plaintiff also sufficiently pled a claim under Section 1692e(2). *See Veras*, 2014 WL 1050512, at *6 n.8.

9

any details as to the agreement which created the Debt and whether, as Defendants contend, that agreement allowed a debt collector to charge interest on the Debt. (*See* Am. Compl.) As a result, Plaintiff has failed to state a plausible claim for relief under Section 1692f(1). *See, e.g.*, *Chulsky v. Hudson Law Offices, P.C.*, 777 F. Supp. 2d 823, 832 (D.N.J. 2011) (holding that a plaintiff failed to sufficiently allege a claim under section 1692f(1) when the complaint "focus[ed] on [the defendant's] inability to legally purchase the debt under [state law] . . . . [and did] not speak to the amount sought . . . .")

### d. Reporting the Debt to Credit Reporting Agencies

Plaintiff's fourth claim is that the Purchaser Defendants "communicated credit information regarding [the Debt] to . . . consumer reporting agencies balances [sic] higher than the original balances on multiple occasions." (Am. Compl. ¶ 93.) The Amended Complaint provides no further detail on what was reported to the credit reporting agencies, when it was reported, or how what was reported was inaccurate. Moreover, although Plaintiff contends in her Opposition that this behavior violated 15 U.S.C. § 1962e(8) (this Court assumes Plaintiff actually intended to claim a violation of section 1692e(8)), she did not specify in the Amended Complaint which section of the FDCPA this behavior allegedly violated.

Nonetheless, in an effort to add further factual support for her claim, Plaintiff's Opposition states: "If a complaint contains three different balances for the alleged debt, then, by logic whatever [sic] information that is [sic] furnished to the credit reporting agency as to the alleged debt balance will differ from at least two of the stated balances." (Pl.'s Br. Opp. 32.) However, this contention does not cure the deficiencies in the Amended Complaint: Plaintiff did not provide any detail as to what information Defendants provided to the credit reporting agencies. As a result, Plaintiff has not alleged sufficient factual matter to support her claim that Defendants "communicated to

any person information which is known or which should be known to be *false* . . . ." 15 U.S.C. § 1692e(8) (emphasis added).  Accordingly, Plaintiffs claim under FDCPA section 1692e(8) must be dismissed.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:       Clerk
cc:         Steven C. Mannion, U.S.M.J.
            Parties