UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 2, 2017

Eric N. Aglow
1600 Parker Ave., Suite 2D
Fort Lee, NJ 07024
*Attorney for Plaintiff*

Yongmoon Kim
Kim Law Firm LLC
411 Hackensack Ave., 2 Fl.
Hackensack, NJ 07601
*Attorney for Plaintiff*

Peter George Siachos, Yevgeny Roymisher, and Matthew Paul Gallo
Gordon & Rees LLP
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
*Attorneys for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** **Lopez v. Law Offices of Faloni & Associates, LLC, et al.**
**Civil Action No. 16-01117 (SDW) (SCM)**

Litigants:

Before this Court is the Motion to Dismiss of Defendants Alegis Group, LLC; David A. Faloni, Sr.; David A Faloni, Jr.; Law Offices of Faloni & Associates, LLC; LVNV Funding LLC; Resurgent Capital Services, L.P.; and Sherman Originator, LLC (collectively "Defendants"), for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 38.) As the parties are familiar with this case, this Court will reference only those facts relevant to the current Motion.

On September 14, 2016, this Court granted in part and denied in part, Defendants' initial Motion to Dismiss Plaintiff's Amended Complaint. (*See* Dkt. Nos. 31-32.) Plaintiff's only claim which survived Defendant's initial Motion to Dismiss is that Defendants violated 15 U.S.C. §§ 1692e(2) and e(10) by misrepresenting the legal status of a debt Plaintiff allegedly owed, and by using false or deceptive means to attempt to collect that debt, by filing a collection complaint when defendants were not licensed to purchase the debt in the first place. *See Lopez v. Law Offices of Faloni & Assocs., LLC*, No. 16-CV-01117-SDW-SCM, 2016 WL 4820629, at *5 (D.N.J. Sept. 14, 2016). Defendants now seek dismissal of the Amended Complaint on the basis that it fails to sufficiently allege that Plaintiff suffered an injury in fact and that Plaintiff, therefore, lacks standing under Article III of the United States Constitution. For the reasons that follow, Defendants' Motion is **DENIED**.

**DISCUSSION**

    A. <u>Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)</u>

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id*. at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*. Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents

referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron,* 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12-4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir. 1977)).

B. <u>Plaintiff Has Alleged Sufficient Factual Matter to Establish Article III Standing</u>

Article III of the U.S. Constitution requires plaintiffs to establish standing in order to sue. To establish standing, a plaintiff must allege sufficient factual matter to show he or she has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). In this instance, Defendants contend Plaintiff failed to sufficiently allege that she suffered an injury in fact. (*See* Defs.' Br. Supp. Mot. Dismiss at 6-23.) This Court disagrees.

To satisfy the injury-in-fact requirement, the alleged injury to the plaintiff must be "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S., at 560, 112 S. Ct. 2130. A particularized injury is one which "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (citations and internal quotation marks omitted).

A concrete injury is one which "actually exist[s]," though it need not be tangible. *Id*. at 1548-49 (citations omitted). Here, the alleged injury is particularized insofar as Plaintiff accuses Defendants of misrepresenting the legal status of a debt which Plaintiff allegedly owed.[1] The alleged injury is also concrete.

According to Defendants, Plaintiff has alleged a bare procedural violation which cannot satisfy the concreteness requirement. However, intangible harms, such as "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact . . . . [A] plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549 (citations omitted). This is because "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Id*. (citation and internal quotation marks omitted). Therefore, this Court must determine "whether the particular procedural violation[] alleged in this case entail[s] a degree of risk [of real harm] sufficient to meet the concreteness requirement." *Id.* at 1550.

Although the Third Circuit has not addressed the question of whether a violation of the Fair Debt Collection Practices Act can give rise to a concrete injury since the U.S. Supreme Court issued its decision in *Spokeo, Inc. v. Robins*, judges within this district have. For example, in

---

[1] Although Defendants argue that "Plaintiff has not . . . allege[d] that the Defendants represented to Plaintiff that any of the Defendants are licensed by the New Jersey Department of Banking and Insurance," (Defs.' Br. Supp. at 10), that is exactly how this Court construed Plaintiff's Amended Complaint in this Court's initial Opinion:

> Plaintiff does not contend that Defendant's lack of a consumer lender license *itself* violates the FDCPA. Instead, Plaintiff argues that Defendants misrepresented the legal status of the Debt and used false or deceptive means to attempt to collect the Debt, by filing the collection complaint when they were not licensed to purchase the debt in the first place.

*Lopez*, 2016 WL 4820629, at *5.

*Fuentes v. AR Res., Inc.*, U.S. District Judge Freda L. Wolfson found the concreteness requirement satisfied where a plaintiff alleged a defendant misrepresented "that it was entitled to charge a fee that . . . [was] neither authorized by law nor permitted by [contract]." No. CV157988FLWLHG, 2017 WL 1197814 (D.N.J. Mar. 31, 2017). Similarly, in *Carney v. Goldman*, U.S. District Judge Brian R. Martinotti explained that "[b]ecause Plaintiffs have a personal statutory right [under the FDCPA] to be free from abusive debt-collection practices, and because Plaintiffs have alleged facts plausibly showing Defendant violated that right, Plaintiffs 'need not allege any additional harm.'" No. CV 15-260-BRM-DEA, 2016 WL 7408849, at *5 (D.N.J. Dec. 22, 2016) (citation omitted). What these cases recognize, along with "the 'overwhelming majority of courts' that have" addressed this issue, is that § 1692e of the FDCPA provides a "substantive, statutory right . . . to be free from false or deceptive information in connection with the collection of a debt." *Fuentes*, 2017 WL 1197814 at *5. Violations of this right "give rise to concrete, substantive injuries sufficient to establish Article III standing." *Id*. Accordingly, Plaintiff's allegations that Defendants violated her substantive rights under the FDCPA by misrepresenting the legal status of the debt at issue are sufficient to satisfy the concreteness requirement. Moreover, this Court finds that Plaintiff has alleged sufficient factual matter to satisfy the Article III standing requirements at this stage in the proceedings.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss is **DENIED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk

cc: Steven C. Mannion, U.S.M.J.
Parties