UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re LVNV Funding LLC Fair Debt Collection Practices Act Litigation | **Civil Action No. 2:16-cv-01117-SDW-SCM**<br>(and consolidated cases<br>2:16-cv-01235-JLL-JAD (D.N.J.)<br>2:17-cv-00390-JMV-JBC (D.N.J.)<br>2:17-cv-02833-WJM-MF (D.N.J.)<br>BER-L-003515-17 (N.J. Super. Ct. Law Div.)<br>2:17-cv-04567-MCA-LDW (D.N.J.)<br>3:17-cv-06121-PGS-TJB (D.N.J.)<br>2:17-cv-06122-JMV-JBC (D.N.J.)<br>2:17-cv-06204-SDW-LDW (D.N.J.)<br>2:17-cv-06250-SDW-LDW (D.N.J.)<br>3:17-cv-06251-MAS-TJB (D.N.J.)<br>2:17-cv-06278-JLL-JAD (D.N.J.)<br>2:17-cv-06279-JLL-JAD (D.N.J.)<br>2:17-cv-07842-JMV-SCM (D.N.J.)<br>2:17-cv-07891-MCA-SCM (D.N.J.)<br>2:18-cv-01521-KM-JBC (D.N.J.)<br><br>**ORDER GRANTING<br>FINAL APPROVAL<br>OF CLASS ACTION<br>SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Honorable Susan D. Wigenton, U.S.D.J., at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service awards to the Plaintiffs; and the Plaintiffs and Settlement Class Members being represented by Class Counsel and Defendants being represented by their attorneys;

**AND THE COURT,** having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered Plaintiffs' brief and the declarations submitted in support of the

application, the oral arguments of counsel presented to the Court, if any, and all papers filed and proceedings had herein, and for good cause appearing, the Court finds the following:

1.   On September 4, 2019, the Court granted Plaintiffs motion for preliminary approval of the consolidated class action settlement (ECF No. 96) in this action where Plaintiffs alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. The Court certified sixteen Settlement Classes for settlement purposes, appointed a Settlement Administrator, approved Plaintiffs as Class Representatives, and appointed Yongmoon Kim of the Kim Law Firm LLL; Joseph K. Jones of Jones, Wolf & Kapasi, LLC; Lawrence C. Hersh; Eileen L. Linarducci of the Law Office of Ronald I. LeVine; and Ryan Gentile of the Law Offices of Gus Michael Farinella, PC., as Class Counsel.

2.   Further, this order was twice amended to the Second Amended Order Granting Preliminary Approval of Class Action Settlement Agreement (ECF No. 102).

3.   The Settlement Classes certified by the Court was defined as:

**Class One.**   *Lopez v. Faloni & Associates, L.L.C., 2:16-cv-01117-SDW-SCM (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning February 26, 2015 through April 5, 2017, Faloni & Associates, L.L.C., attempted to collect on behalf of LVNV Funding LLC.

**Class Two.**   *Chernyakhovskaya v. Resurgent Capital Services L.P., 2:16-cv-01235-JLL-JAD (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning March 3, 2015 through April 5, 2017, Resurgent Capital Services, L.P., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Citibank (South Dakota), N.A.

**Class Three.**   *Betancourt v. LVNV Funding LLC, 2:17-cv-00390-JMV-JBC (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning January 19, 2016 through April 5, 2017, J.C. Christensen & Associates, Inc. sent one or more letters in an attempt to collect a debt on behalf of LVNV Funding LLC.

**Class Four.**   *Espinal v. First National Collection Bureau Inc., 2:17-cv-02833-WJM-MF (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning April 16, 2016 through April 5, 2017, First National Collection Bureau, Inc., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Credit One Bank, N.A.

***Class Five.*** ***Martinez v. LVNV Funding LLC*, BER-L-003515-17 (N.J. Super. Ct. Law Div.)**—All natural persons with addresses in the State of New Jersey against whom, beginning May 12, 2016 through April 5, 2017, First National Collection Bureau, Inc. attempted to collect a consumer debt on behalf of LVNV Funding LLC.

***Class Six.*** ***Rodriguez-Ocasio v. LVNV Funding LLC*, 2:17-cv-04567-MCA-LDW (D.N.J.)**—All natural persons with addresses in the State of New Jersey against whom, beginning June 21, 2016 through April 5, 2017, Global Credit & Collection Corp. attempted to collect a consumer debt on behalf of LVNV Funding LLC.

***Class Seven.*** ***Burgos v. Resurgent Capital Services, L.P., et al.*, 3:17-cv-6121-PGS-TJB (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 14, 2016 through April 5, 2017, Resurgent Capital Services, L.P., sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Chase Bank USA, N.A

***Class Eight.*** ***Henriquez v. Allied Interstate LLC, et al.*, 2:17-cv-6122-JMV-JBC (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 14, 2016 through April 5, 2017, Allied Interstate LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Sears National Bank.

***Class Nine.*** ***Lugo v. Capital Management Services, L.P., et al.*, 2:17-cv-6204-SDW-LDW (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 16, 2016 through April 5, 2017, Capital Management Services, LP, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to First Premier Bank.

***Class Ten.*** ***Orbea v. Dynamic Recovery Solutions, LLC, et al.*, 2:17-cv-6250-SDW-LDW (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 18, 2016 through April 5, 2017, Dynamic Recovery Solutions, LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to World Financial Network National Bank.

***Class Eleven.*** ***Uriarte v. Stenger & Stenger, P.C.*, 3:17-cv-06251-MAS-TJB (D.N.J.)**—All natural persons with addresses in New Jersey to whom, beginning August 18, 2016 through April 5, 2017, Stenger & Stenger, P.C., sent one or more letters on behalf of LVNV Funding LLC concerning a debt

***Class Twelve.*** ***Ferreira v. Frontline Asset Strategies, LLC, et al.*, 2:17-cv-6278-JLL-JAD (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 20, 2016 through April 5, 2017, Frontline Asset Strategies, LLC, sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Credit One Bank, N.A.

***Class Thirteen.*** ***Gomez v. Nations Recovery Center, Inc., et al.*, 2:17-cv-6279-JLL-JAD (D.N.J.)**—All natural persons with addresses in the State of New Jersey to whom, beginning August 21, 2016 through April 5, 2017, Nations Recovery Center, Inc.,

sent one or more letters on behalf of LVNV Funding LLC concerning a debt originally owed to Citibank (South Dakota), N.A.

**Class Fourteen.** *Little v. LVNV Funding LLC, 2:17-cv-07842-JMV-SCM (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning October 3, 2016 through April 5, 2017, Alltran Financial, LP attempted to collect a consumer debt on behalf of LVNV Funding LLC.

**Class Fifteen.** *Jackson v. First National Collection Bureau, Inc., 2:17-cv-07891-MCA-SCM (D.N.J.)*—All natural persons with addresses in the State of New Jersey to whom, beginning October 4, 2016 through April 5, 2017, First National Collection Bureau, Inc., sent one or more letters on behalf of Pinnacle Credit Services, LLC, concerning a debt originally owed to Verizon Wireless.

**Class Sixteen.** *Delgado v. LVNV Funding, LLC, 2:18-cv-01521-KM-JBC (D.N.J.)*—All natural persons with addresses in the State of New Jersey against whom, beginning February 2, 2017 through April 5, 2017, Credit Control, LLC, attempted to collect a consumer debt on behalf of LVNV Funding, LLC.

4. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Defendants served notices of the proposed settlement on the appropriate Federal and State officials.

5. The Settlement Class database provided by Defendants to the Settlement Administrator ultimately included 378,733 persons who meet the definition of the Settlement Classes, and Notice was mailed to those 378,733 members of the Settlement Classes.

6. The Settlement Administrator has reported to the Court that: the mailing was generally successful; that two Settlement Class Members raised untimely objections to the settlement; and that nine Settlement Class Members requested to be excluded from the Settlement Classes (only one of which was timely).

7. Furthermore, by way of filings on the docket, Class Counsel received one timely request for exclusion (ECF No. 106) and two untimely correspondence (ECF Nos. 108 and 111); one of which (ECF No. 108) did not clearly indicate whether it was a request for exclusion or an

objection. Class Counsel sent a letter seeking clarification in response to Docket Entry 108 but has not received a response as of yet.

8. The Court has not received any objections to the settlement.

9. Plaintiffs now request final approval of the settlement.

10. The Court has considered the Settlement Agreement, the Brief and Declarations submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

11. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

12. The application for Final Approval of the proposed settlement is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Amended Settlement Agreement, and as set forth in this Order.

13. The Court finds that the settlement, on the terms and conditions set forth in the Amended Settlement Agreement, filed as Exhibit A to the Kim Declaration, is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

14. With the consent of the parties, the ten Settlement Class Members requested to be excluded from the Settlement Classes (only two of which was timely) are all deemed timely and, therefore, excluded from the settlement.

15. As set forth in paragraph 10(c) of the Settlement Agreement, Defendants shall fund the escrow account to be established by the Settlement Administrator in the amount of

calculated pursuant to paragraph 10 of the Amended Settlement Agreement within seven (7) days from the date this Order is entered.

16. Within thirty (30) days of the date of this Order, the Settlement Administrator shall mail each Class Member their check according to the formula and process set forth in paragraph 10 of the Amended Settlement Agreement.

17. As set forth in paragraph 10(f) of the Settlement Agreement, funds from uncashed checks shall be paid as a *cy pres* award to National Consumer Law Center.

18. For efforts on behalf of the Class and to settle individual claims, Defendants shall pay $4,500.00 to Victoria Lopez; $4,500.00 to Irina Chernyakhovskaya; $3,000 to Rubier Betancourt; $3,000.00 to Gladys Espinal; $3,000.00 to Luisa A. Martinez; $3,000.00 to Luis A. Rodriguez-Ocasio; $3,000.00 to Sammy Burgos; $3,000.00 to Joseph Henriquez; $3,000.00 to Wendy Lugo; $3,000.00 to Yensy Orbea; $3,000.00 to David Uriarte; $3,000.00 to Jader Ferreira; $3,000.00 to Francisco Gomez; $3,000.00 to Robert Little; $3,000.00 to Yolanda Jackson; and $3,000.00 to Melizza B. Delgado in the manner set forth in paragraph 11 of the Settlement Agreement within thirty (30) days of the date of this Order.

19. Upon entry of this Order and final approval of the settlement, Plaintiffs and each member of the Settlement Class who have not been excluded will release Defendants as follows:

> "As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, Plaintiffs and each Settlement Class Member, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged the Released Parties from the Released Claims.
>
> 'Released Claims' shall mean any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity relating solely to claims of statutory damages under the federal Fair Debt Collection Practices Act ("FDCPA"), that Plaintiffs and the Settlement Class Members, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the collection of a debt on behalf of LVNV Funding LLC and on behalf of Pinnacle Credit Services, LLC, when they were not licensed under New Jersey

Consumer Finance Licensing Act ("NJCFLA"), N.J.S.A. 17:11C 1 et seq., from the beginning of time to the date of this Agreement.

Notwithstanding the foregoing, the Plaintiffs and Settlement Class Members specifically reserve the right to sue for actual damages and to dispute the amount of the alleged debts that they may owe to LVNV Funding LLC or Pinnacle Credit Services, LLC. Additionally, The Released Claims specifically do not include any claims that Plaintiffs and Settlement Class Members may have against any of the Released Parties for any causes of action other than arising from LVNV Funding LLC's or Pinnacle Credit Services LLC's failure to be licensed under the NJCLFA.

'Released Parties' shall mean LVNV Funding LLC, Resurgent Capital Services, L.P.; Pinnacle Credit Services, LLC; First National Collection Bureau, Inc.; Allied Interstate LLC, Capital Management Services, L.P.; Dynamic Recovery Solutions, LLC; Stenger & Stenger, P.C.; Frontline Asset Strategies, LLC; Nations Recovery, Inc., Alegis Group, LLC; Credit Control, LLC; J.C. Christensen & Associates, Inc.; and Alltran Financial, LP, and their past or present partners, members, officers, directors, shareholders, employees, successors and assigns."

20.     Defendants shall pay Class Counsel's fees and costs in the amount of $250,000.00, which payment includes costs and expenses (excluding the expenses of the Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement or from any appeals. The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiffs or the Classes. The Court finds that this award, requested hourly rates, and time expended are fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within thirty (30) days of the date of this Order in the manner set forth in the Settlement Agreement.

21.     Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

22. This Action against the Defendants is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: July 9, 2020

_s/Susan D. Wigenton_
HONORABLE SUSAN D. WIGENTON,
UNITED STATES DISTRICT JUDGE